10-1140-cv
Den Hollander v. Steinberg

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 5th day of April, two thousand eleven.

PRESENT:   JOSEPH M. McLAUGHLIN,
                    GERARD E. LYNCH,
                            *Circuit Judges*,
                    JED S. RAKOFF,[*]
                            *District Judge.*

_____

ROY DEN HOLLANDER,
                    *Plaintiff-Appellant*,

              v.                                        10-1140-cv

PAUL STEINBERG,
                    *Defendant-Appellee*,

JANE DOE, DEBORAH SWINDELLS DONOVAN,
                    *Defendants.*

_____

---

[*]Judge Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

FOR PLAINTIFF-APPELLANT:        Roy Den Hollander, *pro se*, New York, NY.

FOR DEFENDANT-APPELLEE:        No appearance.  *See* Fed. R. App. P. 31(c).

Appeal from a judgment of the United States District Court for the Eastern District of New York (Block, *J.*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

Plaintiff-appellant Roy Den Hollander, an attorney proceeding pro se, appeals the district court's judgment in which it denied his motion for summary judgment and granted summary judgment sua sponte in favor of defendant-appellee Paul Steinberg.  We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

This Court reviews orders granting summary judgment de novo to determine whether the district court properly concluded that no genuine issues of material fact remained and that the moving party was entitled to judgment as a matter of law.  See Miller v. Wolpoff & Abramson, LLP, 321 F.3d 292, 300 (2d Cir. 2003).  Summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party."  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

Generally, in considering whether to grant summary judgment, the court must resolve all ambiguities and draw all inferences in favor of the nonmovant; the inferences to be drawn from the underlying facts revealed in materials such as affidavits, exhibits,

2

interrogatory answers, and depositions must be viewed in the light most favorable to the nonmoving party. See Nationwide Life Ins. Co. v. Bankers Leasing Ass'n, 182 F.3d 157, 160 (2d Cir. 1999). However, "[i]n considering whether to grant summary judgment against the moving party *sua sponte*, the court is required to view the evidence in the *moving party's* favor." NetJets Aviation, Inc. v. LHC Commc'ns, LLC, 537 F.3d 168, 179 (2d Cir. 2008) (emphasis added).

This Court has explained: "While it is not necessarily reversible error in our Circuit for a district court to grant summary judgment against the moving party *without notice or opportunity to defend*, . . . we have firmly discouraged the practice. . . . [G]rants of summary judgment without notice will be tolerated only in the absence of some indication that the moving party might otherwise bring forward evidence that would affect the . . . determination . . . when the facts before the district court were fully developed so that the moving party suffered no procedural prejudice." Bridgeway Corp. v. Citibank, 201 F.3d 134, 139 (2d Cir. 2000) (internal quotation marks and citations omitted; emphasis added).

As an initial matter, we note that Bridgeway's strict requirements for granting summary judgment sua sponte against a moving party who lacks "notice or opportunity to defend" do not apply to this case. In November 2009, the district court issued an order that notified Den Hollander and the defendants that it intended to treat the defendants' filings as a motion for summary judgment, and the court specifically directed the parties to submit "all pertinent materials, . . . including materials addressing whether the

3

defendants' use of [Den Hollander]'s works is protected under the fair use doctrine." Den Hollander therefore had notice and an opportunity to defend against the grounds upon which the district court ultimately granted summary judgment against him and in favor of Steinberg.

Den Hollander first argues that the district court erred by failing to address two earlier instances of alleged copyright infringement by Steinberg. A court of appeals generally will not consider an issue raised for the first time on appeal. See Singleton v. Wulff, 428 U.S. 106, 120-21 (1976); Virgilio v. City of New York, 407 F.3d 105, 116 (2d Cir. 2005). The rule is not an absolute bar to raising new issues on appeal; the Court may, in its discretion, disregard the general rule when necessary to remedy manifest or obvious injustice. See Thomas E. Hoar, Inc. v. Sara Lee Corp., 900 F.2d 522, 527 (2d Cir. 1990). Although Den Hollander now claims that Steinberg committed copyright infringement by four distinct actions, Den Hollander framed his claims throughout the district court proceedings as based upon only the latter two of those actions. Because he did not clearly present the two earlier instances to the district court, we decline to address them and find no reason to depart from the well-established rule that this Court will not consider issues raised for the first time on appeal. See id.

Next, Den Hollander argues that the district court relied upon inadmissible evidence, specifically, Steinberg's statements in a November 2008 letter-motion and at oral argument. However, the district court's reliance upon the November 2008 letter-motion was minimal, and, in any event, Den Hollander himself submitted a copy of the

4

letter-motion as part of his exhibits in support of his motion for summary judgment; the court did not err by relying on that document. Furthermore, a review of the oral argument transcript reveals that the district court primarily used the proceedings as an opportunity to confirm the procedural posture in which Steinberg had submitted Den Hollander's essays to the state court – information that was not immediately obvious from the parties' papers.

In addition, the district court's findings about Steinberg's purpose for submitting the essays were based primarily upon Steinberg's state court filings – documents that Den Hollander had attached to his declaration in support of his own motion for summary judgment. And although Den Hollander now claims that Steinberg made conflicting statements at oral argument, the transcript reveals that, when Steinberg finally gave answers that were consistent with the procedural postures Den Hollander described in his declaration, Den Hollander confirmed that those descriptions were accurate. Thus, it is clear from the record that the district court's decision to grant summary judgment sua sponte in favor of Steinberg was based on sufficient and competent evidence, about which there was no genuine dispute.

Finally, we agree with the district court that summary judgment in favor of Steinberg was appropriate because his use of the essays constituted fair use. See Hollander v. Swindells-Donovan, No. 08-cv-4045, 2010 WL 844588 (E.D.N.Y. Mar. 11, 2010). "[T]he determination of fair use is an open-ended and context-sensitive inquiry." Blanch v. Koons, 467 F.3d 244, 251 (2d Cir. 2006). An independent review of the record

in the present case makes clear that the district court properly applied the statutory factors for fair use, and that no rational trier of fact could have found for Den Hollander.

The Copyright Act provides, in pertinent part:

> In determining whether the use made of a work in any particular case is a fair use the factors to be considered shall include –
> (1) the purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes;
> (2) the nature of the copyrighted work;
> (3) the amount and substantiality of the portion used in relation to the copyrighted work as a whole; and
> (4) the effect of the use upon the potential market for or value of the copyrighted work.

17 U.S.C. § 107. This is not an exhaustive list of factors a court may consider in determining whether a particular use was a fair use. Campbell v. Acuff-Rose Music, Inc., 510 U.S. 569, 577 (1994). Also, the four factors should not "be treated in isolation, one from another. All are to be explored, and the results weighed together, in light of the purposes of copyright." Id. at 578. Taken together, the factors vitiate Den Hollander's claim.

As to the first statutory factor, Steinberg used Den Hollander's essays in the course of two judicial proceedings. The "purpose and character" of that use was not commercial, but rather part of a litigation strategy. See 17 U.S.C. § 107(1). In the Note accompanying § 107, Congress listed numerous examples of "the sort of activities the courts might regard as fair use under the circumstances," including "reproduction of a work in legislative or judicial proceedings or reports." House Committee on the Judiciary, H.R.

6

Rep. No. 94-1476 (1976). Here, Steinberg reproduced Den Hollander's essays "in . . . judicial proceedings." Id.

As to the second statutory factor, "the nature of the copyrighted work," 107 U.S.C. § 107(2), Den Hollander claims that the district court should not have characterized his essays as "published" simply because he posted them temporarily on his website. It is true that "the scope of fair use is narrower with respect to unpublished works." Harper & Row Publishers, Inc. v. Nation Enters., 471 U.S. 539, 564 (1985). However, "[t]he fact that a work is unpublished shall not itself bar a finding of fair use if such finding is made upon consideration of all the above factors." 17 U.S.C. § 107. The district court considered all four of the statutory factors, which taken together compel a finding of fair use; thus, we need not decide whether Den Hollander "published" his essays when he temporarily posted them on his website.

The third statutory factor, "the amount and substantiality of the portion used in relation to the copyrighted work as a whole," 17 U.S.C. § 107(3), would appear to weigh in Den Hollander's favor, as Steinberg reproduced the essays in full. However, in applying this factor, we also consider "whether the quantity of the material used was reasonable in relation to the *purpose* of the copying." Am. Geophysical Union v. Texaco Inc., 60 F.3d 913, 926 (2d Cir. 1994) (internal quotations omitted; emphasis added). Here, Steinberg's purpose was to prevail in litigation; in judicial proceedings, litigants regularly reproduce documents in full. Steinberg's reproduction of Den Hollander's essays would therefore appear to be reasonable. But even assuming that it was

7

unreasonable, this single factor would not outweigh the other statutory factors.

Finally, the fourth factor, "the effect of the use upon the potential market for or value of the copyrighted work," 17 U.S.C. § 107(4), clearly favors Steinberg. With this factor, "[t]he focus . . . is on whether defendants are offering a market substitute for the original." NXIVM Corp. v. Ross Inst., 364 F.3d 471, 481 (2d Cir. 2004). "[O]ur concern is not whether the secondary use suppresses or even destroys the market for the original work or its potential derivatives, but whether the secondary use usurps the market of the original work." Id. Should Den Hollander offer his essays for sale, it is highly unlikely that potentially interested readers would even be aware of the essays' presence in a court file, let alone choose to acquire copies by the cumbersome methods of visiting a courthouse to make copies or using PACER. And in any event, Den Hollander has offered no evidence that Steinberg "usurped the market" for the essays by submitting them as exhibits in judicial proceedings.

We conclude that the district court applied the statutory factors set out in 17 U.S.C. § 107 and correctly determined that Steinberg's use of Den Hollander's essays was a fair use. Summary judgment was appropriate because "the record taken as a whole could not lead a rational trier of fact to find for" Den Hollander. See Matsushita, 475 U.S. at 587.

8

We have considered Den Hollander's remaining arguments and find them to be without merit. Accordingly, we AFFIRM the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk